**Charlene P. ROSACK, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**VOLVO OF AMERICA CORPORATION et al., Defendants.**

**No. C–76–0742 WWS.**

United States District Court, N. D. California, Civil Division.

Oct. 19, 1976.

Jay R. Martin, Randall D. Morrison, Cartwright, Saroyan, Martin & Sucherman, Inc., San Francisco, Cal., Cotchett, Hutchinson & Dyer, San Mateo, Cal., Brown, Wright & Kaufman, Palo Alto, Cal., for plaintiffs.

Paul, Hastings & Janofsky, David B. Harriman, Daniel H. Williams, III, Donald L.

Morrow, Los Angeles, Cal., for Volvo of America Corp.

## ORDER SETTING ASIDE MAGISTRATE'S FINDINGS AND RECOMMENDATION AND REMANDING ACTION TO STATE COURT

This state law antitrust action was originally brought in the California Superior Court for San Mateo County. The complaint seeks damages on behalf of a named plaintiff and a class of persons who purchased new Volvo automobiles from California Volvo dealers in the period between 1967 and 1976. The complaint alleges that defendants have engaged in an unlawful conspiracy to fix the resale price of new Volvo automobiles, parts and accessories and the resale profit on used automobiles sold by Volvo dealers contrary to the provisions of California's Cartwright Act, Cal. Bus. & Prof.Code § 16700 et seq. The prayer for relief seeks treble damages and attorney's fees in accordance with § 16750 of that Act, but does not request damages in a specified amount. Named as defendants in the complaint are Volvo of America Corporation ("Volvo"), subsidiary and parent corporations of Volvo, and a series of Doe defendants who are identified only as parties owned, dominated and controlled by each other, and who are acting as agents for and conspiring with each other.

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a), alleging that the action was within the original diversity jurisdiction of this Court as prescribed in 28 U.S.C. § 1332.[1] Plaintiffs moved to remand the action to state court on the grounds that complete diversity of citizenship was lacking and that the amount in controversy did not exceed $10,000 as required by § 1332. The motion was referred to a United States Magistrate who recommended that the motion be denied. The relevant findings of the Magistrate were: (1) that since the Doe defendants

could not be used to defeat diversity, complete diversity of citizenship was present among the parties; and (2) that since attorney's fees can be considered in determining the amount in controversy, more than $10,000 was in controversy among the parties. Plaintiffs now challenge these findings on appeal from the Magistrate's findings and recommendation.

### I. DIVERSITY OF CITIZENSHIP.

Plaintiffs seek to defeat diversity by relying on the Doe defendants, who, they contend, are California citizens. The difficulty with this contention is that the complaint does not allege the Does' citizenship. The Does are identified in paragraph XII of the complaint as being owned, dominated, and controlled by other Does, and as agents for and conspirators with other Does. They are all alleged to be part of the combination and conspiracy described in the complaint, but are not referred to again in the remainder of the complaint. While the complaint does refer to conspiratorial activities of Volvo dealers, defined in paragraph XIII as being Volvo retail dealers in California, no Doe defendant is identified as a Volvo dealer. Without a proper allegation of the identity, status and citizenship of any Doe, plaintiffs' contention that there are Doe defendants who are California citizens and thus destroy diversity must be rejected. *Grigg v. Southern Pacific Co.,* 246 F.2d 613, 620 (9th Cir. 1957); *Molnar v. National Broadcasting Co.,* 231 F.2d 684 (9th Cir. 1956); see also 2A Moore's Federal Practice § 8.10 (2d ed. 1974). Accordingly, we adopt the Magistrate's finding on this issue.

### II. AMOUNT IN CONTROVERSY.

Plaintiffs also challenge the Magistrate's finding that more than $10,000 is in controversy in this litigation. Plaintiffs brought this action as a class action in the state court. While the action has not yet been certified as a class action in this Court

---

1. 28 U.S.C. § 1332(a)(1) provides:
   "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;"

pursuant to Rule 23, Fed.R.Civ.P., it must be treated as a class action for the purpose of determining jurisdictional issues. *City of Inglewood v. City of Los Angeles,* 451 F.2d 948, 951–52 (9th Cir. 1972). Defendants have not argued that the class as pleaded by plaintiffs is a sham designed to defeat federal jurisdiction nor have they challenged the treatment of this action as a bona fide class action at this stage of the proceedings.

Plaintiff Rosack alleges that her claims "are typical of those to be asserted for the other members of the plaintiff class", that the "rights of plaintiff and the class members involve common questions of law and fact which predominate over any question affecting only individual members of the class," and that a class action is superior to other methods of adjudication of the controversy. (Complaint para. VII and VIII.) Plaintiff individually and each member of the class seek treble damages, attorneys' fees and costs.

It is plain, therefore, that this is a class action falling within Rule 23(b)(3). The Supreme Court has held only recently that to meet the jurisdictional requirement in a Rule 23(b)(3) class action, each plaintiff's claim must satisfy the jurisdictional amount. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In that case, the Supreme Court reaffirmed the historic rule that the "matter in controversy" requirement of Section 1332 must be satisfied by each member of the plaintiff class having a separate and distinct claim; plaintiffs whose claims fall short cannot satisfy the requirement by aggregation of claims:

"None of the plaintiffs in *Snyder v. Harris* [394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319] alleged a claim exceeding $10,000, but there is no doubt that the rationale of that case controls this one. As previously indicated, *Snyder* invoked the well-established rule that each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement if his claim is to survive a motion to dismiss. This rule

plainly mandates not only that there may be no aggregation and that the entire case must be dismissed where none of the plaintiffs claims more than $10,000 but also requires that *any plaintiff without the jurisdictional amount must be dismissed from the case, even though others allege jurisdictionally sufficient claims.*" 414 U.S. at 300, 94 S.Ct. at 511 (emphasis supplied).

See, also, *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), and *United States v. Southern Pacific Transportation Co.,* 543 F.2d 676, at p. 683, n. 11, filed September 10, 1976 (9th Cir. 1976).

The *Zahn* principle is settled beyond dispute. The questions that arise concern the manner of its application. In the usual case, *Zahn* would simply require that members of a class whose claims fall short of the jurisdictional requirement must be dismissed:

"Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case— 'one plaintiff may not ride in another's coattails [*Zahn v. International Paper Company,* 2 Cir.].' 469 F.2d [1033] at 1035." 414 U.S. at 301, 94 S.Ct. at 512.

But in *Zahn* the Supreme Court upheld the dismissal of an entire Rule 23(b)(3) class action entered on a finding that "to a legal certainty" "not every individual owner in the class had suffered . . . damages in excess of $10,000." Thus, even though some of the class members had been able to meet the jurisdictional test, the District Court nonetheless dismissed the entire action on the ground that "it would not be feasible to define a class of property owners each of whom had more than a $10,000 claim . . ." (414 U.S. at 292, 94 S.Ct. at 507)

Here we are confronted with the application of *Zahn* in the context of a removed action. While plaintiffs have not alleged any specific amount of damage claimed in the complaint, they contend on this motion that the damage claims of the

individual plaintiffs resulting from the alleged price fixing could not exceed "a few dollars" in the case of parts and a "few hundred dollars" in the case of automobiles. Defendants respond that some plaintiffs were multiple purchasers of Volvos and their claims, if they had any, might therefore well exceed $10,000. Viewing the record on this motion in the light most favorable to defendants, it appears that only a few members of a class estimated to have some 50,000 members meet the jurisdictional requirement.[2]

That conclusion is not altered by the fact that attorneys' fees which may be awarded to prevailing plaintiffs may be taken into account. Cal.Bus. & Prof.Code, § 16750. See, *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Stokes v. Reeves,* 245 F.2d 700, 702 (9th Cir. 1937). Attorneys fees would be awarded as a part of the separate and distinct damage recovery of each plaintiff. It appears to the Court as a legal certainty that reasonable attorneys fees when added to the damages claimed by the bulk of the plaintiffs of "a few hundred dollars" each—even after trebling—would not result in individual claims in excess of $10,000. See, *Georgia Ass'n of Ind. Ins. Ag. Inc. v. Travelers Indem. Co.,* 341 F.Supp. 841, 843–844 (N.D.Ga.1970).[3]

It thus appears to a legal certainty that this Court does not have jurisdiction of this action. It is a class action brought on behalf of a class of plaintiffs the vast majority of which do not satisfy the amount in controversy requirement with respect to their separate and distinct claims. Under *Zahn,* all of those plaintiffs would have to be dismissed and, if feasible, a class substantially different from that on whose behalf the action was brought certified. Accordingly, since the action could not be maintained in this Court on behalf of the class for which it was brought, it must be remanded. 28 U.S.C. § 1447(c). See, *Kinsey v. General Motors Acceptance Corp.,* 359 F.Supp. 36 (D.N.D.1973).[4]

Even if there were reason to doubt the correctness of this disposition, any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking. See, *Williams v. Tri-County Community Center,* 323 F.Supp. 286, 288 (S.D.Miss.1971), aff'd, 452 F.2d 221 (5th Cir. 1971); *Lowe v. Trans World Airlines, Inc.,* 396 F.Supp. 9, 12 (S.D.N.Y.1975); *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281, 1283 (S.D.Tex.1974); *Wood v. Home Insurance Co.,* 305 F.Supp. 937, 938 (C.D.Cal.1969).

Accordingly, the Magistrate's recommendation of June 8, 1976, is hereby set aside and the action remanded to the Superior Court in and for San Mateo County, each party to bear its own costs.

IT IS SO ORDERED.

---

2. The Court may look at the entire record to determine whether jurisdictional defects are cured. See Wright, Federal Courts (2d Ed. 1970) 291; *Lonnquist v. J. C. Penney Co.,* 421 F.2d 597, 599 (10th Cir. 1970).

3. While the allocation of attorneys fees to each prevailing class member's recovery is undoubtedly sound, the result would not be altered under *Zahn* if the entire amount were allocated to the named plaintiff, resulting in one more claim likely to exceed $10,000.

4. 28 U.S.C. § 1441(c) would permit, but not require, the Court to retain jurisdiction of claims properly removed when joined with claims not otherwise removable. That provision does not appear applicable to a class action and most likely does not contemplate the division of a single class of plaintiffs into remandable and non-remandable subclasses. Moreover, to apply it here to justify retention of jurisdiction would simply open the door to a subsequent and inevitable dismissal of the bulk of the class members for lack of jurisdiction on the motion of the very party that invoked the jurisdiction of this Court in the first place. We are confident that this is not the result contemplated by the authors of Section 1441(c).