**Gracie S. ATKINS, et al.**

v.

**HARCROS CHEMICALS, INC., et al.**

**Civ. A. No. 89–5155.**

United States District Court,
E.D. Louisiana.

Jan. 11, 1991.

John J. Cummings, III, Richard M. Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiffs.

C.J. Poirier, Joel R. Mosher, David E. Shay, Shughart, Thomson & Kilroy, Kansas City, Mo., and Burt Carnahan, Lobman, Carnahan & Batt, Metairie, La., for defendant Harcros Chemicals, Inc.

William R. D'Armond, Neil Sweeney, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for North American Philips Corp.

### ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of plaintiffs to remand in Civil Action No. 90–1580, *Elisa Adams, et al. v. Harcros Chemicals, Inc., et al.* This case, which had originally been filed in state court as a class action,

was consolidated with the above captioned Civil Action No. 89–5155 after its removal. Plaintiffs contend that this matter should be remanded because the defendant has not shown that plaintiffs' claims meet the jurisdictional amount in controversy. By Minute Entry dated November 21, 1990, the Court stated that because the motion involved subject matter jurisdiction, the Court would consider the motion as if filed in all consolidated cases.[1] In addition, the Court gave the parties in all consolidated cases an opportunity to submit briefs on the issue. The Court also stated that in the interest of judicial economy it would be prudent to hear the motion to remand prior to the pending motion for class certification. Accordingly, after reviewing the motion to remand, memoranda of counsel, the record and the law, the Court grants the motion for the reasons set forth below.[2]

### The Defendants' Burden of Proof In a Removal Case

■ The party invoking the jurisdiction of the federal district court has the burden of demonstrating that the exercise of jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). When the jurisdictional amount is challenged, the party invoking the jurisdiction of the federal court has the burden of showing that the jurisdictional amount is in controversy. *Hale v. Billups of Gonzales, Inc.,* 610

F.Supp. 162, 163–64 (M.D.La.1985) (citations omitted). Some courts have held that "the party invoking the jurisdiction of the federal court has the burden of proving that it does NOT appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount." *See, e.g., id* (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).[3]

This awkward negative phrasing caused other courts to interpret the standard to require only that the removing party establish that there is a *probability* that the jurisdictional amount requirement is satisfied. *Corwin Jeep Sales v. American Motors Sales,* 670 F.Supp. 591, 595 (M.D.Pa. 1986) (citation omitted); *Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753 (E.D. Mich.1990). However, if the defendant were only required to establish that any award would "probably" exceed the jurisdictional amount, the trial judge would likely be forced to conduct a minitrial in order to determine the amount of any probable award. *Kliebert v. Upjohn Co.,* 915 F.2d 142, 146 (5th Cir.1990).

Our circuit has recently stated that this burden is too light. *Id.* In *Kliebert,* the Fifth Circuit reasoned that "[i]n effect, those courts [that follow the probability standard] allow a defendant to establish the plaintiff's bad faith understatement of his claim by demonstrating that the plaintiff would probably recover in excess of the

1. The plaintiffs had previously filed motions to remand which were denied by this Court prior to consolidation. While the jurisdictional amount in controversy issue was raised in those motions, it was neither the focus of the motions nor was it fully briefed to the Court. The focus of those motions was fraudulent joinder and whether the non-diverse parties owed a personal duty to plaintiffs. *See e.g.,* Order and Reasons dated April 2, 1990, Civil Action No. 89–5155 (E.D.La.1990). In addition, those motions were decided prior to *Kliebert v. Upjohn Co.,* 915 F.2d 142 (5th Cir.1990). Therefore, in as much as the issue of jurisdictional amount has already been considered, its consideration in this opinion is to be construed as a reconsideration.

2. In their opposition, defendants argue not only that the jurisdictional amount in controversy requirement is satisfied, but also that federal question jurisdiction exists. This argument was presented to this Court in the prior motion to

remand and was not addressed. After a review of the record, the Court now concludes that the plaintiffs have asserted no cause of action arising under the constitution and laws of the United States. *See Louisville & Nashville Railroad Company v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Franchise Tax Bd. v. Construction Laborers Vacation Trust for So. California,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). The plaintiffs have not, by artful pleading, tried to avoid the jurisdiction of the federal court; and, there is no substantial federal issue raised as a legitimate part of plaintiffs' own causes of action.

3. The United States Supreme Court explained this "legal certainty" test stating "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 285, 58 S.Ct. 586, 588, 82 L.Ed. 845 (1938).

jurisdictional amount." *Kliebert v. Upjohn Co.*, 915 F.2d 142, 146 (5th Cir.1990).

The defendants in the present case, Harcros Chemicals, Inc. and North American Philips Corporation, make much of the fact that both *Kliebert* and *St. Paul Mercury* involved situations in which there were allegations that the plaintiff had, in bad faith, claimed a specific amount of damages below the requisite jurisdictional amount. Defendants argue, therefore, that these two cases have no application in the present motion because there are no allegations that plaintiffs have, in bad faith, claimed an amount below the jurisdictional amount in controversy. Indeed, there has been no such allegation because under La.Code Civ.Proc.Ann. art. 893 (West Supp.1990) the plaintiffs were *precluded* from alleging any amount in controversy in their state court petitions.[4] The defendants also argue that since plaintiffs were not allowed to allege any amount in controversy, *Kliebert* has no application in the present motion. *See Kliebert*, 915 F.2d at 147 n. 3.

However persuasive these arguments may seem at first glance, they do not change the defendant's burden of proof. This burden of proof requires the defendants in these consolidated cases to show to a legal certainty that the plaintiffs' claims are not less than the jurisdictional amount. The standard would essentially be the same were there an allegation of bad faith understatement of the amount in controversy. In *Kliebert*, the Fifth Circuit held that "the defendants were required to establish that the plaintiff would, if successful, recover at least the minimum jurisdictional amount." *Id.* at 146. In other words, if the defendants can show that the plaintiffs' claims *are not less than* the jurisdictional amount, they have also implicitly shown that the plaintiffs would, if successful, each recover *at least* the jurisdictional amount.[5]

■ The Court is convinced that the defendants in these consolidated cases have not met their burden. The defendants rely primarily on their removal petition which alleges that the requisite jurisdictional amount is in controversy. They also rely on the plaintiffs' state court petition, which claims personal injuries, property damages, special, compensatory, and punitive damages. However, these assertions alone do not establish to a legal certainty that the claims of any of the plaintiffs in these consolidated cases are not less than the jurisdictional amount.[6]

### Class Action Ramifications

■ As noted previously, there is pending in this matter a motion for class certification. However, were this consolidated

---

**4.** La.Code Civ.Proc.Ann. art. 893 states in pertinent part:

A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises. If a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is sufficient. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

La.Code Civ.Proc.Ann. art. 893(A)(1) (West Supp.1990). This Court has previously recognized the potential for problems with art. 893 in the context of removal. *See Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 356 n. 20 (E.D.La.1990).

**5.** It appears to this Court that the "awkward negative phrasing" of the burden of proof is necessary, since the burden is on the defendants. The negative phrasing compensates for what would otherwise require a defendant to act against his own interest by forcing him to prove that damages are *in excess of the jurisdictional amount. See Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D.Mich.1990). The distinction is slight, but important.

**6.** The Court realizes that La.Code Civ.Proc. art. 893 makes it difficult to satisfy such a burden, especially where multiple parties are asserting multiple claims. North American Philips notes the problem in its opposition memorandum:

Because of the vague and non-specific pleadings of the plaintiffs, there is no conceivable way that the defendants can more specifically address the amount in controversy as to each plaintiff without the opportunity to conduct discovery as to the particular items of damages claimed by each plaintiff.

North American Philips' Memorandum In Opposition, p. 20. The Court agrees; however, this

matter treated as a class action, the result reached above would be no different. Claimants in a class action cannot aggregate their claims for the purpose of satisfying the jurisdictional amount in controversy requirement. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Multiple plaintiffs must each satisfy the jurisdictional amount requirement in a diversity suit in federal court. *Id.* at 301, 94 S.Ct. at 512. Applying *Zahn* in the context of a removed action, the burden is on the removing party to prove to a legal certainty that every claimant in the class has suffered damages in excess of the jurisdictional minimum. *See id* at 292, 94 S.Ct. at 507. Even where a few claimants might be able to meet the jurisdictional amount requirement, it is proper to remand the entire case. *See Rosack v. Volvo of America Corp.,* 421 F.Supp. 933, 936–37 (N.D.Cal.), *stay denied, Volvo of America Corp. v. Schwarzer,* 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976) (citing *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)). In the present case, the defendants have failed to meet their burden of proof by providing this Court with facts that would show to a legal certainty that each plaintiff's claim is not less than the jurisdictional amount.

### Conclusion

No matter whether the plaintiffs in these consolidated cases are viewed individually or as potential members of a class, all the consolidated cases must be remanded because the defendants have failed to show to a legal certainty that each plaintiff's claim is not less than the jurisdictional amount. The defendants argue that since plaintiffs' counsel has stated some of the plaintiffs would probably meet the jurisdictional min-

imum, the Court should allow discovery to be taken for the purpose of sorting out those plaintiffs who might be able to meet the requisite jurisdictional amount. However, the Fifth Circuit has stated that such a procedure, which would inevitably lead to a mini-trial for the purpose of establishing just who might meet the jurisdictional minimum, is not proper. *See Kliebert,* 915 F.2d at 146. In addition, the Court finds *Zahn* and its progeny instructive in this regard. Even if a few of the plaintiffs in these consolidated cases might be able to satisfy the jurisdictional amount in controversy requirement, it would not be feasible for this Court to define a class of plaintiffs each of whom had a claim of more than $50,000. It is, therefore, more efficient and more prudent to remand this entire matter to the state court.[7]

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is GRANTED, and the above captioned Civil Action No. 89–5155, along with all cases consolidated therewith, are hereby REMANDED to the Civil District Court for the Parish of Orleans.

### PUBLISHER'S APPENDIX

United States Court of Appeals for the Fifth Circuit

Nos. 91–3104, 91–3106

In re: North American Philips Corp.

Consolidated With

In re: Harcros Chemicals, Inc.

(E.D.La.Civil Action No. 89–5155 "I" and consolidated cases)

*Response to the Petitions for Writ of Mandamus*

This memorandum is entered pursuant to the invitation of the Fifth Circuit Court of

---

Court is bound by the burden of proof established by our circuit, notwithstanding La.Code Civ.Proc. art. 893. Furthermore, once discovery as to the particular items of damages claimed by each plaintiff had been completed, the Court would be faced with conducting a mini-trial in order to evaluate the evidence of jurisdictional amount in controversy *as to each and every plaintiff.* Since the present cases involve thousands of plaintiffs, such an evaluation would not be practical.

**7.** In *Rosack,* the court stated:

Even if there were reason to doubt the correctness of this disposition, any doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking. *See Rosack,* 421 F.Supp. at 937 (citing *Williams v. Tri–County Community Center,* 323 F.Supp. 286, 288 (S.D.Miss.), *aff'd,* 452 F.2d 221 (5th Cir. 1971)).

Appeals, as directed in its Stay Order issued February 4, 1991.

## I.

Nothing in this Court's Order of January 11, 1991 is in clear error. While not stating explicitly in that Order under what statutory authority the case was being remanded, the Court based its remand on 28 U.S.C. § 1447(c) *as amended in 1988*, which states in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.*

(Emphasis added). In the 1988 amendment to § 1447(c), Congress revised the statute to replace the two grounds of "improvidently" and "without jurisdiction" with the grounds of "defect in removal procedure" and "lack [of] subject matter jurisdiction." Thus, there are two grounds for remand under § 1447(c): (1) procedural defects in the removal, *e.g.*, failure to post a bond; and (2) when the district court finds that it lacks jurisdiction. The 1988 amended version of § 1447(c) requires that motions to remand based on procedural defects be made within 30 days after the filing of the notice of removal. However, when based on lack of subject matter jurisdiction, a remand is proper at any time before final judgment. For an informative discussion of the effects of the 1988 amendment, as well as an analysis of the legislative history, *see Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir.1989).

The Court found that it lacked subject matter jurisdiction by its Order of January 11, 1991. As this finding was determined before judgment, remand was statutorily proper. Even if the jurisdictional amount issue in this case was considered a procedural defect, the respondents timely raised it in their original motions to remand,

which were denied by Order of April 2, 1990.[1] As noted by the Court in the January 11, 1991 Order, "[I]n as much as the issue of jurisdictional amount has already been considered [in the April 2, 1990 Order], its consideration in this opinion is to be construed as a reconsideration." Order and Reasons dated January 11, 1991, p. [445], n. 1. Because this matter was remanded pursuant to the statutory authority granted in § 1447(c), it is respectfully submitted that the Order of January 11, 1991 is unreviewable. *See* 28 U.S.C. § 1447(d). It is also respectfully submitted that because this Court's remand Order was based on grounds specified in § 1447(c), even if the appellate court might conclude that the Order was erroneous, the remand is still immune from appellate review. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351–52 [96 S.Ct. 584, 593–94, 46 L.Ed.2d 542] (1976).

The Court found that it was without subject matter jurisdiction because the amount in controversy requirement had not been met. The petitioners, however, are apparently convinced that the instant cases were remanded because it was "more efficient and more prudent" to do so. *See* Order and Reasons dated January 11, 1991, p. [447]. This statement from the January 11, 1991 Order, though, is taken out of context. It *is* more efficient for one court, the state court in these cases, to determine the amount of damages each individual plaintiff may have suffered. This determination is made, of course, as a part of adjudicating each case, or the class action, if one was certified. Conversely, in federal court, damages would likely have to be determined twice, once in mini-trial fashion for the purpose of separating those plaintiffs who would meet the jurisdictional amount requirement from those who would not, and again during the trial.

The Court used this merely as an illustration to bolster the precedent of this circuit that discourages using mini-trials conducted for the purpose of determining whether each plaintiff has met the jurisdictional

---

1. Identical motions in other consolidated matters were subsequently ruled on by Minute Entry and tied specifically to the April 2, 1990 Order.

amount requirement. *See* Order and Reasons dated January 11, 1991, p. [447] (citing *Kliebert v. Upjohn Co.*, 915 F.2d 142, 146 (5th Cir.1990) ("*Kliebert II*"), *reh'g granted*, 923 F.2d 47 (5th Cir.1991)). *However, the Court had already made a specific finding that the defendants had not offered any credible evidence to support their assertion of subject matter jurisdiction vis-a-vis the requisite jurisdictional amount.* Therefore, regardless of the Court's observations about the concurrent economic benefits of remand, the Court clearly stated that these cases were being remanded because it lacked subject matter jurisdiction, not because of judicial economy.

## II.

It is well established that the party invoking the jurisdiction of the federal court has the burden of proving the exercise of such jurisdiction is proper. In a removal case, the removing party bears that burden. And, the removing party bears that burden regardless of the status of discovery, the number of plaintiffs, or any problems created by a state procedural statute such as La.Code Civ.Proc. art. 893.

In the context of jurisdictional amount questions, this Court found that the removing party asserting the jurisdiction of the federal court had the burden of proving that it did not appear to a legal certainty that the claim was actually for less than the requisite jurisdictional amount. The Supreme Court has explained this legal certainty test stating "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 [289], [58 S.Ct. 586, 590, 82 L.Ed. 845] (1938). The question that this Court's Order and Reasons dated January 11, 1991, attempted to resolve is this: How does anything "appear" to a legal certainty if no one has the burden of showing it?

If the burden of proof this Court set forth in its remand order places a seemingly disproportionate requirement on the petitioners, that impact is to a large extent the result of La.Code Civ.Proc. art. 893, not clear error by this Court. Perhaps, in that respect, the art. 893 issue needs legislative attention; however, that is not the Court's province. This Court does, however, strongly believe that structuring the burden of proof in jurisdictional amount cases to lessen the defendant's requirement, or shifting that burden to the plaintiffs, would mean, effectively, that removing defendants would have *no* burden, and all Louisiana mass tort cases like this one will end up in federal court.

### Conclusion

This Court based its remand order upon finding that it lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Even if the jurisdictional amount in controversy issue was viewed as a defect in removal procedure, the case was still remanded by this Court pursuant to § 1447(c). And, under § 1447(d), that decision is not reviewable, even if deemed to be erroneous by the appellate court. The petitioners failed to meet their burden of proof by providing the Court with *any* credible facts that would tend to show to a legal certainty that each plaintiff's claim is not less than the jurisdictional amount. Indeed, the petitioners did not provide anything other than their assertion that the requisite jurisdictional amount had been met. The petitioners have, instead, by this petition attempted to shift their burden to the District Court. Needless to say, the Court strongly believes that this position goes way beyond what the Supreme Court intended in *St. Paul Mercury Indemnity Co., supra.*

*Kliebert II*, though vacated pending disposition *en banc*, was the law of this circuit at the time this Court issued its Order and Reasons dated January 11, 1991. Therefore, that part of the Court's ruling based on *Kliebert II*, which states that mini-trials are an improper way to determine jurisdictional amount, should stand. With respect to the burden placed on the petitioners in this case, this Court based its legal analysis as much on pre–*Kliebert II* jurisprudence as on that now vacated case. Therefore, unless the appellate court wishes to ad-

dress the mini-trial issue or the effect of the burden of proof in light of art. 893, an *en banc* decision in *Kliebert* should not delay dismissal of this mandamus petition. However, the Court respectfully submits that consideration of these issues in the present case is neither necessary nor appropriate under § 1447(c) and (d).

New Orleans, Louisiana, this 14th day of February, 1991.

    (s) <u>Henry A. Mentz, Jr.</u>
       United States District Judge