**Wilda MANUEL**

v.

**WAL–MART STORES, INC.**

**Civ. A. No. 90–2507.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 30, 1991.

Errol D. Deshotels, Oberlin, La., for plaintiff.

Philip Andre Fontenot, Lafayette, La., for defendant.

MEMORANDUM RULING GRANTING MOTION TO REMAND

EDWIN F. HUNTER, Jr., Senior District Judge.

It is appropriate to preface our evaluation of the pending motion with a recitation of the Louisiana Statute which prohibits a plaintiff from alleging any specific monetary amount of damages in state court petitions. We quote:

A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The

prayer for relief shall be for such damages as are reasonable in the premises. If a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is sufficient. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.[1] (La.Code Civ.Proc.Ann. art. 893 (West Supp.1990)).

This Court as well as others have recognized the potential problem.[2] The present litigation stems from an incident that occurred on April 19, 1989. Plaintiff filed suit in state court on April 17, 1990. It is alleged that personal injuries were sustained when the shopping cart wheels "locked" causing her to fall. There is complete diversity between Wilda Manuel and Wal–Mart. The issue narrows: What is the amount in controversy?

Wal–Mart filed its Notice of Removal on November 15, 1990, pursuant to 28 U.S.C. § 1441, et seq. The removal petition asserts that the amount in dispute may exceed $50,000 exclusive of interest and costs. Attached to defendant's notice was a copy of plaintiff's answer to an interrogatory. We quote:

"2. Does the amount in dispute exceed the sum of $50,000?

Answer: Due to the continued development of medical information appearer can not answer interrogatory number 2 and reserves the right to ask for an amount in excess of $50,000."

During a pretrial conference of December 19, 1991, plaintiff's counsel informed the court that as a result of medical developments, it has now been ascertained that the controversy does not exceed $50,000.

Plaintiff and his client stipulate that the claim for damages is and will be in an amount less than $50,000. Plaintiff subsequently filed the pending motion to remand. 28 U.S.C. § 1447(c).

■ A person invoking the jurisdiction of the a federal district court has the burden of demonstrating that the exercise of jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Here, defendant propounded interrogatories to plaintiff to ascertain if the amount to be asked for was greater than $50,000. Plaintiff was uncertain because of developing medicals but reserved the right to ask for an amount in excess of $50,000. Out of an abundance of caution coupled with a bona fide reading of plaintiff's complaint, defendant removed to this Court. The present motion was filed more than a year after the removal.

■ The issue has broad import to defendants who seek to remove cases on the basis of diversity. The absence of an allegation as to the specific monetary amount of damages, coupled with plaintiff's response to the "quoted" interrogatory certainly justified a good faith removal. We are well aware of the pre–1988 prevailing view that once diversity jurisdiction has attached, it can not be subsequently divested by the voluntary reduction of the amount in controversy below jurisdiction. *Reisman v. New Hampshire Fire Inc. Co.*, 312 F.2d 17 (5th Cir.1963). However, here we do not have a situation where plaintiff made representations to the effect that the amount in controversy would be in fact greater than $50,000. Plaintiff, in response to an interrogatory made it clear that the amount was undeterminable at that time. It was not until a month before the pretrial held on December 19, 1991,

---

**1.** The Article does contain exceptions that could lead one to an interpretation that would arguably permit counsel to allege that damages are less than the federal court jurisdiction requirement of $50,000. Perhaps Article 893 needs legislative attention; however that is not this Court's province. Our view is that when a state statute could be read to alter state-federal jurisdiction, it should not be interpreted in such a way unless the Legislative unambiguously intended it to be so read.

**2.** See *Atkins v. Harcros Chemicals, Inc.*, 761 F.Supp. 444 (E.D.La.1991); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 356 n. 20 (E.D.La.1990).

that counsel for plaintiff became aware that he just did not have a $50,000 case.

We base our remand on 28 U.S.C. § 1447(c) as amended in 1988 which states in pertinent part:

In 1988, Congress revised the statute to replace the two grounds of "improvidently" and "without jurisdiction" with the grounds of "defect in removal procedure" and "lack [of] subject matter jurisdiction." There are two grounds for remand: (1) procedural defects in the removal, e.g., failure to post a bond; and (2) when the district court finds that it lacks jurisdiction. The 1988 version requires that motions to remand based on procedural defects be made within 30 days after the filing of the notice of removal. But, when based on lack of subject matter, a remand is proper at any time before final judgment. For an informative discussion of the effects of the 1988 amendment, as well as an analysis of the legislative history, see *Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir.1989). See Judge Mentz's response pursuant the invitation of the Fifth Circuit Court of Appeals in *Atkins v. Harcros*, 761 F.Supp. 444, 448 (E.D.La.1991).

## CONCLUSION

This Court lacks subject matter jurisdiction. The case is remanded to the Thirty-third (33) Judicial District Court in the Parish of Allen, State of Louisiana. (28 U.S.C. § 1447(c)).