**Glenda SAUNDERS**

v.

**Paul RIDER, et al.**

**Civ. A. No. 92–1926.**

United States District Court,
E.D. Louisiana.

Oct. 16, 1992.

Israel M. Augustine, Jr., Israel M. Augustine, Jr. & Associates, New Orleans, La., for plaintiff.

Martin Alan Stern, Adams & Reese, New Orleans, La., for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED. This motion revisits Louisiana's preference for not requiring that a petition for damages seek a specific monetary amount.

### I. BACKGROUND

In April 1991, the plaintiff, Glenda Saunders, claims she was hurt in an auto accident with defendant, Paul Rider. Rider, an employee of McPherson Oil Company, was driving a company truck at the time of the rear-end collision.

The plaintiff sued Rider, his employer, and Federated Mutual Insurance Company in Civil District Court for the Parish of Orleans. Later, the defendants removed the case to this Court, asserting diversity jurisdiction.

In support of her motion to remand, plaintiff contends that the defendants have failed to show that the amount in controversy exceeds $50,000, the required sum for diversity jurisdiction.

The defendants counter that the amount in controversy has been met, for several reasons. They add that the plaintiff has waived her right to challenge any procedural defect in removal by failing to timely object to the notice of removal.

### I. LAW AND APPLICATION

Section 1332 of Title 28 of the United States Code governs diversity jurisdiction. The statute instructs:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
> (1) citizens of different States....

28 U.S.C. 1332 (West 1991).

It is of course well established that the jurisdiction of a federal court sitting in diversity is determined at the time the complaint is filed. *Seafoam, Inc. v. Barrier Systems, Inc.*, 830 F.2d 62, 66 (5 Cir.1987), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). However, when a suit is not originally filed in federal court, but is later removed, federal jurisdiction is determined at the time of removal. *Federal Savings & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5 Cir.1991), *cert. denied sub nom, Griffin v. First Gibraltar Bank*, —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); and *Alphonse v. Omni Hotels Management Corp.*, 757 F.Supp. 722, 724 (E.D.La.1991).

#### A. Legal Certainty Standard

■ It is equally well-known that the removing party bears the burden of proving that federal jurisdiction exists. *Atkins v. Harcros Chemicals, Inc.*, 761 F.Supp. 444, 445 (E.D.La.1991). But the appropriate test for determining threshold jurisdictional amount when the complaining papers seek no specific award is still unclear. To establish that diversity jurisdiction exists although the plaintiff has not pleaded with certainty a request for defined monetary damages, as is permissible in Louisiana, the defendant should be held to prove to a legal certainty that the plaintiff's claim equals or exceeds the requisite jurisdictional amount.[1] *See St. Paul Mercury Indemnity Co.*, 303 U.S. at 289, 58 S.Ct. at 590; *Seafoam*, 830 F.2d at 66.

■ Although the plaintiff did not include a specific monetary demand in her state court pleadings,[2] the defendants con-

---

1. The plaintiff would adopt the standard set forth in *Kliebert v. Upjohn Co.*, 915 F.2d 142, 146–47 (5 Cir.1990), *opinion vacated on grant of rehear'g,* 923 F.2d 47 (1991). However, the Court declines to apply *Kliebert*. The effect of that decision is uncertain at this time because the court voted to rehear it *en banc* but the hearing never occurred (apparently because the case settled).

2. Article 893(A)(1) of the Louisiana Code of Civil Procedure mandates:

> No specific monetary amount of damages shall be included in the allegations or prayer

tend that the statutory amount in controversy existed at the time of removal. In support, they point to a settlement demand of $63,000, which the plaintiff made shortly after removal, and also to the plaintiff's medical records, which they claim reflect possible back injuries worth in excess of $50,000 in damages (according to the defendants' assessment).

But plaintiff's itemized settlement demand letter of June 1992 indicates actual damages approximating only $6500.[3] The Court further notes that the defendants have failed to support their claim that the plaintiff's medical problems, as detailed in the examining physician's report, were worth more than $50,000 in damages.[4] Plainly, the mere assertions of the defendants as to their estimates of the value of the plaintiff's claim can not satisfy a legal certainty standard of proof. And absent more compelling evidence that the requisite amount in controversy existed at the time of removal, this Court must conclude that the defendants have not shown to a legal certainty that this claim equaled or exceeded the threshold sum for diversity jurisdiction. Federal courts are courts of limited jurisdiction, and we must not casually assume the existence of that jurisdiction. The legal certainty standard seems to this Court to be the most compatible test for a court of limited jurisdiction to adopt. For this Court to take jurisdiction in such cases, evidence of jurisdictional amount should be clear and convincing; that seems to be the doctrinal thrust of cases like *St. Paul* and *Seafoam.*

### B. Waiver of Right to Remand

 The Court next considers whether the plaintiff has waived her right to seek a remand.

for relief of any original, amended or incidental demand.
(West Supp.1992)

3. The letter indicates that the plaintiff's medical expenses were $2600. Her pharmaceutical bills approximated $100; her lost wages totalled $3500; and her car rental cost $300.

4. In fact plaintiff's complaints deal with neck, shoulder and back injuries that have been treated conservatively without invasive surgery. Her own doctor concluded her prognosis was "uncertain."

The defendants assert that because the plaintiff filed this motion to remand almost four months after removal, she has waived her right to object to any procedural defects in removal under 28 U.S.C. § 1447(c), by failing to challenge federal subject matter jurisdiction within thirty days of removal.[5] In support of their argument, the defendants invoke *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5 Cir.1981), *rehear'g denied,* 669 F.2d 733 (1982). In *Hyman,* the Fifth Circuit held that the plaintiff waived her right to challenge a procedurally defective removal petition by participating in the federal proceedings and by not filing a timely objection. That court found removal procedurally flawed because one of the defendants failed to join in the removal petition as required under 28 U.S.C. § 1446(a).[6]

In this case, however, removal is not merely procedurally defective; it is jurisdictionally inadequate. Indeed, by failing to establish to a legal certainty that the requisite amount in controversy existed, the defendants have not satisfied the conjunctive statutory requirements needed to establish diversity jurisdiction. And federal law mandates that this Court must remand any suit in which proper subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

Accordingly, because the defendants have failed to establish that diversity jurisdiction exists in this case, the motion to remand is GRANTED.

5. Title 28, United States Code, Section 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).

6. In *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326–27 (5 Cir.1970), the court held that 28 U.S.C. § 1446(a) requires all defendants to join in a removal petition.