Doris M. WILBUR, Plaintiff,

v.

H & R BLOCK, INC., Defendant.

No. 3:CV–99–0918.

United States District Court, M.D. Pennsylvania.

June 20, 2000.

Jeffrey B. Snyder, U.S. Post Office Bldg., Montrose, PA, for plaintiff.

Steven E. Hoffman, White and Williams, Allentown, PA, for defendant.

## MEMORANDUM

CAPUTO, District Judge.

This matter is before me on plaintiff's Amended Motion for Remand (doc. 11). The motion is accompanied by a document entitled "Affidavit" in which the plaintiff declares that "the amount in controversy does not exceed Seventy–Five Thousand Dollars ($75,000.00)." (Aff. of Doris M. Wilbur, doc. 11). The document does not contain an indication of oath administered by a notary public or otherwise, nor does it state that it is made under the recognition that if false, it would be considered perjury or false swearing. 18 U.S.C. § 1621, 18 Pa.C.S.A. § 4904.

There is no dispute that there is diversity of citizenship between the plaintiff and defendant. The only issue for resolution is whether the amount in controversy component of federal diversity jurisdiction has been satisfied. *See* 28 U.S.C. § 1332(a).

Because I find that the defendant has not met its burden of demonstrating the existence of jurisdiction, viz that the plaintiff's claim exceeds $75,000.00, the plaintiff's motion will be granted, and the case will be remanded.

## DISCUSSION

■ Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about juris-

diction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3d Cir.1990)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214 (3d Cir.1999) (quoting *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997)).

█ The burden is on the removing defendant to show that jurisdiction exists to allow removal of the claim to federal court. *See Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir.1995). The defendant must present evidence sufficient to establish that the amount of the case exceeds the jurisdictional minimum of $75,000.00.

█ It is also true that when there are uncertainties as to the existence of jurisdiction, those uncertainties should be resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3d Cir.1990)).

In terms of the analysis of the issue of the establishment of jurisdiction, there is an acknowledged difference between original and removal jurisdiction. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the Supreme Court of the United States said:

> In a cause instituted in federal court the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount. His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that

his claim never could have amounted to the sum necessary to give jurisdiction there is not injustice in dismissing the suit ...

> A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer Jurisdiction on a federal court or that the parties have colluded to that end.

*Id.* at 290, 591.

The Court of Appeals for the Third Circuit has not ruled on the standard to be applied in assessing a defendant's showing of jurisdictional amount in a removed case. In a case involving the original initiation of suit, *Dardovitch v. Haltzman,* 190 F.3d 125, 135 (3d Cir.1999), the Third Circuit Court quoted with approval from *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), as follows: "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 288, 289. As noted, *Dardovitch* was a case involving the original initiation of suit, not on consideration of remand after removal. I therefore do not find that it controls in this case.

In a case which resulted in a removal, the Court of Appeals for the Fifth Circuit in *DeAguilar v. Boeing Co.,* 47 F.3d 1404 (5th Cir.1995), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119, adopted a preponderance of evidence standard, i.e., that the defendant must "... show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1411. The Eastern District of Michigan in *Garza v. Bettcher Ind., Inc.,* 752 F.Supp. 753

(E.D.Mich.1990) said "... in a removed case, it is the removing defendant who bears the burden of proving the factual basis for federal court jurisdiction." *Id.* at 759. The court, while rejecting the legal certainty test, reached what has been referred to as a "preponderance test" viz "... the defendant must allege facts sufficient to establish that the plaintiff would more likely than not recover more than the jurisdictional amount ..." *Id.* at 762. *See,* 14C Charles A. Wright, Edward H. Cooper & Arthur R. Miller, Federal Practice and Procedure § 3725, at 90 (1998).[1]

Other District Courts addressing this issue have applied a more stringent standard. For example, in *Chadwick, et al. v. Shell Oil Co.,* 828 F.Supp. 26 (E.D.La. 1993), the court said "... when a removed plaintiff has not pleaded with certainty a request for defined monetary damages ... the defendant should be held to prove to a legal certainty that the plaintiff's claim equals or exceeds the requisite jurisdictional amount." *Id.* at 26 (citing *Saunders v. Rider,* 805 F.Supp. 17, 18 (E.D.La.1992) citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

Lastly, other courts have used what Wright, Miller & Cooper refer to as the inverted *St. Paul Mercury Indemnity Co. v. Red Cab Co.* legal authority test. *See,* 14C Charles A. Wright, Edward H. Cooper & Arthur R. Miller, Federal Practice and Procedure § 3725, at 92 (1998). This is the most lenient test for a defendant, and provides that the defendant must show that it does not appear to a legal certainty that the plaintiff's claim does not exceed the jurisdictional amount. *Id.*

Since federal courts are courts of limited jurisdiction, a jurisdiction circumscribed by the Constitution and Congress, it is not consistent to use a test which suggests erring in favor of jurisdiction. Historically, Congress has, in diversity cases, continued to restrict the diversity jurisdiction of the federal courts, and increases in the jurisdictional amount has been a method for doing so. It is my view, therefore, that the so called inverted legal authority test, viz that in order to warrant remand it must appear to a legal certainty that the plaintiff can never recover the jurisdictional amount, is not appropriate. It essentially places the burden of proving jurisdiction does not exist on the plaintiff. This is contrary to the existence of the burden on the defendant to prove jurisdiction in a removal case. *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir.1995).

█ It is my view that the appropriate standard for application in removal cases is at least a preponderance of evidence standard. The defendant must demonstrate that it is more likely than not that plaintiff's claim exceeds $75,000.00. This is a test more in keeping with the nature of federal courts, diversity jurisdiction and removal. It places an appropriate burden on the defendant seeking, by removal, to invoke the jurisdiction of a federal court.

█ Here, the complaint seeks damages "in excess of $25,000.00." (Compl., Wherefore Clause.) In addition, the plaintiff has filed a statement with this Court that the amount in controversy does not exceed $75,000.00 (Aff. of Doris M. Wilbur, doc. 11). On the other hand, the defendant points to the extent of injuries claimed to have been suffered by plaintiff and suggests the open ended notice of the claim

---

1. Wright, Miller & Cooper also refer to a reasonable probability test. *See,* 14C Charles A. Wright, Edward H. Cooper & Arthur R. Miller, Federal Practice and Procedure § 3725 at 90–91. The suggestion is that this is a lesser burden than a preponderance of evidence burden.

leads to the conclusion that the claim exceeds $75,000.00.

Plaintiff, who has selected the state forum and alleged a claim in excess of $25,000.00, has also stated of record in this Court that the claim does not exceed $75,000.00. Defendant's suggested conclusion of the jurisdictional amount based upon the extent of injuries falls short of demonstrating the existence of the needed amount in controversy by a preponderance of the evidence. The case will therefore be remanded.