Lionel MARTIN, et al., Plaintiffs,

v.

GRANITE CITY STEEL CORPORATION, an Illinois corporation, and Granite City Steel Division of National Steel Corporation, Defendants.

Civ. No. 84-3125.

United States District Court, S.D. Illinois.

Oct. 22, 1984.

Richard Shaikewitz, Wiseman, Shaikewitz, McGiven & Wahl, Alton, Ill., for plaintiffs.

R. Eric Robertson, Lueders, Robertson & Konzen, Granite City, Ill., J.F. McKenna, III, and C.R. Babst, III, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Plaintiffs filed this action in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, alleging that the defendants, by recycling coal by-products into their coke ovens, intentionally exposed the plaintiffs to toxins and carcinogens. The plaintiffs seek to represent a class of all persons who have worked for the Granite City plant since June of 1982 and all non-employees who have lived within a five mile radius of the plant since June of 1982. The Complaint specifically alleges that some class members have suffered damages less than $10,000 and some have suffered damages in excess of $15,000. In addition, the plaintiffs seek punitive damages, attorney's fees, and equitable relief in that the defendants be required to provide and pay for complete physical testing and medical attention to all class members, and that the defendants cease the recycling procedure. The defendants removed the case to the United States District Court for the Southern District of Illinois.

The main motion before the Court is plaintiffs' Petition to Remand. Plaintiffs contend that since some class members' claims are for less than $10,000, the case cannot be removed. Defendants argue that the prayer for punitive damages, attorney's fees, and full medical attention bring the claims of these class members over the $10,000 barrier, but that in any event, this Court has jurisdiction over the less than $10,000 claims pursuant to 28 U.S.C. § 1441(c) since these claims are separate and independent.

## DISCUSSION

■ 28 U.S.C. § 1441(a) provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendants to the federal district court embracing the place where the state action is pending. Since this is not a federal question case, the Court would have proper removal jurisdiction if the case met the requirements of a diversity action. Generally, a diversity action requires that there be complete diversity of citizenship between the parties and that the amount in controversy exceeds $10,000. *See* 28 U.S.C. § 1332. The removing party has the burden of establishing diversity of citizenship together with the requisite jurisdictional amount. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ There appears to be complete diversity in this case. In a class action,[1] the courts look only to the citizenship of the representative parties. *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969). Hence, the named plaintiffs are all residents of Illinois. The two named defendants are Granite City Steel Company and Granite City Steel Division of National Steel Corporation. Granite City Steel Division is a Delaware corporation with its principal place of business in the State of Pennsylvania. Granite City Steel Company is an Illinois corporation. However, the defendants have moved to drop Granite City Steel Company as a misjoined party stating that it is merely a holding company, and as such is not a necessary, indispensable, or real party in interest. Plaintiffs respond by asking that the motion to drop a misjoined party be

1. It should be noted at this point that although the Court refers to this action as a class action, the Court has not as of yet certified this class.

Assuming proper certification, the Court herein is determining whether it possesses proper subject matter jurisdiction.

denied until such time as the plaintiffs have an opportunity to discover the role of the holding company. In any event, the plaintiffs did not raise the citizenship problem in their Petition to Remand. Further, this Court has already held that Granite City Steel Company (the holding company) has no interest in such a lawsuit. *Niemeyer v. Granite City Steel Company*, No. 83–3333 (S.D.Ill. Dec. 16, 1982) (order denying motion to remand). Therefore, the defendants' motion to drop the misjoined party is granted.

■ The Supreme Court has held that for class actions all class members must meet the amount in controversy requirement when jurisdiction is asserted on the basis of § 1332. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974). The principle is equally applicable to remand situations. *See* 1A Moore's Federal Procedure ¶ 0.157. The defendants do not contest this fact, but rather assert that punitives, attorney's fees, and the value of equitable relief sought should be included in determining whether the amount in controversy requirement has been met.

■ With regard to attorney's fees, they may be included in the jurisdictional sum if they are allowed by statute or provided for by contract. Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3712. Additionally, [w]hen the applicable substantive law makes the award of attorney's fees discretionary, a claim that this discretion should be exercised in favor of the plaintiffs makes the requested fee part of the amount in controversy. *Id.* One court has held, however, that when the court's discretion forms the basis for the award of attorney's fees, the plaintiff must allege a specific amount. *Blank v. Preventive Health Programs, Inc.*, 504 F.Supp. 416 (S.D.Ga.1980). In an event, under Illinois law, there exists no statutory authorization for attorney's fees nor does the Court have the power to award them. Therefore, attorney's fees cannot be included in the calculation.

■ With respect to punitive damages, the Supreme Court has held that they can be included in determining the amount in controversy requirement if under the governing law of the suit they are recoverable. *Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Thus, if the plaintiffs can recover punitive damages under Illinois law, the amount of such damages must be included in the calculation. *Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir.1970).

Punitive damages are allowed in Illinois where a defendant has acted wilfully or with such extreme negligence as to indicate reckless disregard for the safety of others. *Hazelwood v. Illinois Central Gulf R.R.*, 114 Ill.App.3d 703, 71 Ill.Dec. 320, 450 N.E.2d 1199 (1983). The plaintiffs in the instant case seek punitive damages because the defendants acted intentionally. Therefore, punitive damages must be taken into account in determining the amount in controversy.

■ With regard to the equitable relief sought, a valuation of the amount in controversy is a complex task. A court must not only undertake to evaluate intangible rights, but it must decide what rights are involved in the controversy and from whose viewpoint their value is to be measured. *McCarty v. Amoco Pipeline Company*, 595 F.2d 389 (7th Cir.1979). In *McCarty*, the Seventh Circuit adopted the "either viewpoint rule" for removal of cases. Under this rule, the test for determining the amount in controversy is the pecuniary result of either party which the judgment would directly produce.

In Count II of their Complaint, the plaintiffs ask for "full, complete, and proper medical attention for all class members" and that the Court take "any action it deems necessary and proper to prevent future injuries to the class members." The defendants, by way of affidavit, state that the costs for a detailed physical examination would be in excess of $150.00 per person, amounting to $450,000 for all of its employees. They also state that it would cost them in excess of $10,000 each year to

dispose of the by-products rather than recycle them. Thus, under the "either viewpoint rule," the Court must take into consideration over $450,000 as the valuation of the equitable relief sought.

 Hence, based on the above discussion, the Court must add an amount for punitive damages and an amount for the equitable relief sought to the compensatory damages in determining whether the jurisdictional minimum has been met. This final total must appear to a "legal certainty" to be less than the jurisdictional amount to justify remand. 1A Moore's Federal Practice ¶ 0.157[6].

In the present case, the Court is ever mindful of the fact that awards for punitive damages can reach staggering amounts. Although the plaintiffs do not seek a specific dollar figure for the punitive damages the Court will assume for purposes of this determination that this amount may be "staggering" if the plaintiffs' allegations are true. Therefore, in viewing the claims for compensatory damages, punitive damages, and equitable relief, together with an estimate for the number of class members, this Court cannot say to a legal certainty that the total award will not yield more than $10,000 to each successful claimant.

Alternatively, the jurisdictional amount is met under an exception to the rule against aggregation of claims by multiple parties. The settled rule is that "when several plaintiffs unite to enforce a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." *Pinel v. Pinel*, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817 (1916); *see also* C. Wright, Law of Federal Courts 139 n. 8 (3d ed. 1976). The plaintiffs in the present case have a common and undivided interest in the recovery of punitive damages against the defendant. *In Re Northern District of California "Dalkon Shield" IUD Products Liability Litigation*, 526 F.Supp. 887 (N.D.Cal.1981), *vacated and remanded on other grounds*, 693 F.2d 847 (9th Cir.1982). While no individual plaintiff has a right to an award of exemplary damages, all plaintiffs have a collective interest in the creation of a fund sufficient to punish and deter any alleged misconduct on the part of the defendant. Accordingly, the Court must look to the amount of the potential fund, and not the individual awards, for the determination of the amount in controversy. *Id.* at 911. Additionally, the plaintiffs have a common and undivided interest in enjoining the recycling activity. Based on the above discussion, it is clear that these amounts exceed the $10,000 requirement. Therefore, this Court's removal jurisdiction is proper. The Court does not reach the defendants' contention that § 1441(c) confers jurisdiction over the less than $10,000 claimants.

Accordingly, plaintiffs' Petition for Remand (Document No. 9) is hereby DENIED. Defendants' Motion to Drop Misjoined Party (Document No. 3) is hereby GRANTED. Granite City Steel Corporation is hereby DISMISSED from this case.

**IT IS SO ORDERED.**