**June B. LAILHENGUE, et al.**

v.

**MOBIL OIL CORPORATION, et al.**

**Civ. A. Nos. 90–4425, 91–1143 and 91–1837.**

United States District Court, E.D. Louisiana.

Sept. 18, 1991.

---

Sidney D. Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, La., Manuel A. Fernandez and Gilbert V. Andry, III, New Orleans, La., for Lailhengue plaintiffs.

Douglas M. Schmidt, New Orleans, La., for Sherwood plaintiffs.

Allain F. Hardin, Fransen & Hardin, New Orleans, La., for Perkins plaintiffs.

Sam A. LeBlanc, William B. Gaudet, Glen Pilie and Nanette Jolivette, Adams & Reese, New Orleans, La., for defendant Mobil Oil Corp.

## ORDER AND REASONS

MENTZ, District Judge.

In this mass tort action, three groups of plaintiffs filed class action suits in state court against Mobil Oil Corporation, R. V. Pisarczyk, and Lawrence Hess, alleging compensatory and exemplary damages arising from an explosion at Mobil's refinery in New Orleans, Louisiana. In each case, Mobil timely filed a notice of removal under 28 U.S.C. § 1441(a)[1], asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)[2] based on diversity jurisdiction. Specifically, Mobil asserted that there is diversity of citizenship between the plaintiffs, who are domiciliaries of Louisiana, and Mobil, a foreign corporation, that the Louisiana defendants, Pisarczyk and Hess, do not destroy diversity because they were fraudulently joined, and that the amount in controversy exceeds $50,000 based on an aggregation of the plaintiffs' punitive damages claims. After removal, the Court consolidated the plaintiffs' three suits and directed the parties to brief the issue of subject matter jurisdiction.

Before the Court are the plaintiffs' motions to remand under 28 U.S.C. § 1447(c)[3]. The plaintiffs argue that this Court lacks subject matter jurisdiction because 1) Pisarczyk and Hess are properly joined defendants who destroy diversity by virtue of the fact that they and the plaintiffs are domiciliaries of Louisiana and 2) the jurisdictional amount is not met by each plaintiff and the plaintiffs' punitive damages claims cannot be aggregated to meet the jurisdictional amount.[4] Pisarczyk and Hess, filed a related motion to dismiss on the ground that they were fraudulently joined. For the reasons set forth below,

---

1. Section 1441(a) states in pertinent part:

 [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

 28 U.S.C. § 1441(a) (West Supp.1991).

2. Section 1332(a) states in pertinent part:

 The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000 exclusive of interest and costs, and is between—

 (1) Citizens of different States

 28 U.S.C. § 1332(a) (West Supp.1991).

3. Section 1447(c) states in pertinent part:

 If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

 28 U.S.C. § 1447(c) (West 1989).

4. The plaintiffs in *June Lailhengue, et al. v. Mobil Oil Company,* Civil Action No. 90–4425 and *Anna Perkins, et al. v. Mobil Oil Corporation, et al.,* Civil Action No. 91–1837 filed motions to remand. The plaintiffs in *Monica Sherwood, et al. v. Hess, et al.,* Civil Action No. 91–1143, filed a brief joining in the motions to remand.

the Court finds that it has subject matter jurisdiction over this action.

## DIVERSITY OF CITIZENSHIP

 The first issue the Court addresses is whether the Louisiana defendants, Pisarczyk and Hess, were fraudulently joined. If they were fraudulently joined, then their presence may be disregarded and does not destroy diversity of citizenship. Fraudulent joinder exists "[i]f there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). The removing party has the burden to show that actual fraud exists in the plaintiff's pleadings of jurisdictional facts, or that the plaintiff will not be able to establish a cause of action against the non-diverse defendant. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

 Under Louisiana law, personal liability cannot be imposed on an employee simply because of his general administrative responsibility for the performance of some function of his employment; he must have an independent, personal duty to the plaintiff. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.1973). "Agents are not liable to third persons for nonfeasance or mere omissions of duty. They are responsible to such parties only for the actual commission of those positive wrongs for which they would be otherwise accountable in their individual capacity, under the obligations common to all other men." *Prince v. Nationwide Ins. Co.*, Civ. A. No. 88–2858, 1989 WL 10682 *1 (E.D.La. Feb. 9, 1989) (quoting *Tyler v. Walt*, 184 La. 659, 167 So. 182, 187 (1936)).

 The plaintiffs' state court petitions allege that Pisarczyk and Hess are liable as a result of omissions or nonfeasance in their duties as employees at the Mobil refinery. The plaintiffs did not allege that Pisarczyk and Hess owed a personal duty

to the plaintiffs. After taking discovery on the issue of personal duty [5], the plaintiffs presented evidence that Pisarczyk, the plant manager, together with the Technical, Operating, and Maintenance Departments at Mobil, postponed a scheduled shutdown of the hydrocracker, which prevented discovery of a corroded heat exchanger, a suspected cause of the explosion. The plaintiffs argue that Pisarczyk had a personal duty to the plaintiffs by virtue of his role in postponing the shutdown of the hydrocracker. The allegations and evidence against Pisarczyk are insufficient to support the imposition of personal liability against him because the alleged misfeasance is limited to a breach of responsibilities as an employee at Mobil, and there is no evidence that he knew of facts which would create a foreseeable risk of harm to the public.

 Hess is the Emergency Preparedness Manager at Mobil. Other than the allegations in their petitions, the plaintiffs failed to submit evidence or argument to show that Hess owed a personal duty to the plaintiffs. The allegations in the plaintiffs' petitions are limited to Hess's nonfeasance of his duties as an employee of Mobil. There is no evidence that Hess had reason to foresee a risk of harm to the public. Indeed, Hess stated in his deposition that he has no jurisdiction over the equipment in question. Under these circumstances, there is no possibility that state law might impose personal liability on Hess.

In short, the defendants carried their burden to show fraudulent joinder—that the plaintiffs have no possible cause of action against Pisarczyk and Hess—and therefore, the presence of Pisarczyk and Hess does not destroy diversity jurisdiction.

## JURISDICTIONAL AMOUNT IN CONTROVERSY

Next, the Court addresses the issue of whether the plaintiffs' claims for punitive

---

**5.** Fraudulent joinder claims are capable of summary determination. Thus, when deciding the propriety of a removal petition, the court may consider evidence outside the pleadings, including affidavits and deposition transcripts. *See Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)).

damages can be aggregated to satisfy the jurisdictional requirement of at least $50,-000 in controversy. In deciding whether the jurisdictional amount is satisfied, the Court will treat this matter as a class action, even though no decision on class certification has been made. *See Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 545 n. 1 (9th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986) (citing *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951 (9th Cir. 1971)).

■ When a plaintiff challenges the jurisdictional amount in a removal petition, the defendant has the burden of showing that the jurisdictional amount is in controversy. *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162, 163–64 (M.D. La.1985) (citations omitted). The court retains jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

■ The United States Supreme Court explained the rule for when damages may be aggregated to meet the jurisdictional amount in a suit filed by multiple plaintiffs:

When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911). This rule applies with equal force to class actions. *See Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) (the separate and distinct claims presented by claimants in a class action

cannot be aggregated to meet the jurisdictional amount); *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (the separate and distinct claims of every plaintiff in a class action must satisfy the jurisdictional amount).

There appears to be no precise meaning of the term "common and undivided," but several opinions offer guidance. "It is not necessary that the claims of the plaintiffs be joint, in the technical sense of that word, as opposed to several. But it is essential that these claims constitute in their totality an *integrated right against the defendant.*" *Berman v. Narragansett Racing Assoc.*, 414 F.2d 311 (1st Cir.1969), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970) (citing A. Dobie, Federal Procedure § 58 at 158 (1928); *Manufacturers Cas. Ins. Co. v. Coker*, 219 F.2d 631, 633–634 (4th Cir.1955)). That the defendant has no interest in how the claim is distributed among the class members is a factor in whether the class has a common and undivided interest. *Berman*, at 316. "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir.1983). "[I]f plaintiffs rights are not affected by the rights of the co-plaintiffs, then there can be no aggregation." *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir.1963).

■ The parties do not dispute that the individual plaintiffs' claims for compensatory and punitive damages, do not exceed $50,000 [6], and that the plaintiffs' compensatory damages, which are separate and distinct as to each plaintiff, cannot be aggregated to meet the jurisdictional amount. *See Snyder*, 89 S.Ct. at 1057–59; *Zahn*, 94 S.Ct. at 512. There also is no dispute that the total of the combination of each plaintiff's claim for exemplary damages exceeds

---

**6.** In *Anna Perkins, et al. v. Mobil Oil Corp., et al.*, Civil Action No. 91–1837, the plaintiffs alleged that the individual damages inclusive of punitive damages do not exceed $50,000, but that accumulated punitive damages exceed $50,000. In *Monica Sherwood, et al. v. Hess, et al.*, Civil Action No. 91–1143, the plaintiffs alleged that each class member's individual claim for damages is less than $50,000. In *June Lailhengue, et al. v. Mobil Oil Company, et al.*, Civil Action 90–4425, the plaintiffs did not make a specific monetary demand.

the jurisdictional amount. The parties dispute, however, whether the law permits aggregation of claims for punitive damages.

The Court has found no appellate court decision on the issue of whether punitive damages can be aggregated to meet the jurisdictional amount. At least two district courts have ruled that punitive damages can be aggregated: *Martin v. Granite City Steel Corp.*, 596 F.Supp. 293 (S.D.Ill. 1984) and *In re Northern District of California "Dalkon Shield" IUD Products Liability Litigation*, 526 F.Supp. 887 (N.D.Cal.1981), *vacated*, 693 F.2d 847 (9th Cir.1982). In a third case, *Kinsey v. General Motors Acceptance Corp.*, 359 F.Supp. 36, 40 (D.N.D.1973), the district court stated in dicta that the plaintiffs' punitive damages claims were subject to aggregation. At least one district court has ruled that punitive damages cannot be aggregated: *Goldin v. American Airlines, Inc.*, No. 90 C 768, 1990 WL 77630 (N.D.Ill. May 21, 1990). After reviewing these opinions and the opinions discussing the general principles of aggregation, the Court finds that the plaintiffs' punitive damages claims in the case at bar can be aggregated to satisfy the jurisdictional amount.

The opinions in *Berman v. Narragansett Racing Association*, 414 F.2d 311 (1st Cir. 1969), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681, *In re Dalkon Shield*, and *Martin v. Granite City Steel*, are persuasive authority for aggregation of punitive damages in the case at bar. *Berman* involved a class of race horse owners who sued the racetrack for damages allegedly due pursuant to a contract entitling pursewinners, as a group, to a percentage of the track's annual receipts. If the plaintiffs were successful on their claims, the class would be awarded a several million dollar fund, but no individual plaintiff would benefit until the fund was distributed according to an undetermined formula. The court found that the plaintiffs' claims consisted of an integrated right, and the fact that the plaintiffs requested an individual distribution of the fund did not affect the integrated nature of their claims.

Thus, the First Circuit held that the interest of the plaintiffs was common and undivided, and therefore could be aggregated to satisfy the jurisdictional amount.

In *Dalkon Shield*, the Northern District of California certified a class of hundreds of women who claimed to have been injured by an intrauterine device called the Dalkon Shield. The court found that the jurisdictional amount was satisfied by the aggregation of the plaintiffs' punitive damages claims. Relying on the First Circuit's opinion in *Berman*, the district court in *Dalkon Shield* found that the plaintiffs

> have a common and undivided interest in the recovery of punitive damages against the corporate defendant. While no individual plaintiff has a right to an award of exemplary damages, all plaintiffs have a collective interest in the creation of a fund sufficient to punish and deter any alleged misconduct on the part of the defendant. Accordingly, the court must look to the amount of the potential fund, and not to the individual awards, for the determination of the amount in controversy.

*Dalkon Shield*, 526 F.Supp. at 911.

The district court's opinion in *Dalkon Shield* was reversed on appeal on unrelated grounds, and the appellate court did not address the jurisdictional issue. Even if the jurisdictional issue was not appealed, a jurisdictional defect would have been considered by the appellate court sua sponte and would have mooted appellate review of the other issues. Therefore, this Court concludes that the Ninth Circuit agreed with the district court's finding of subject matter jurisdiction. *See In re A.H. Robins Co., Inc.*, 880 F.2d 709, 724 (4th Cir.1989), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989).

In *Martin v. Granite City Steel*, the district court relied on *Dalkon Shield* in finding that the class of plaintiffs who alleged injuries as a result of the defendants' recycling of coal by-products had a common and undivided interest in the recovery of punitive damages against the defendant. The court denied the plaintiffs' motion to remand in part on a finding that the aggre-

gation of the plaintiffs punitive damages claims met the jurisdictional amount. *Martin,* 596 F.Supp. at 297.

*Martin* was an opinion from the Southern District of Illinois. The Northern District of Illinois reached a contrary result in *Goldin v. American Airlines, Inc.* In *Goldin,* the plaintiff filed a class action alleging that thousands of people incurred telephone toll charges when they dialed a number that the defendant advertised as toll-free. The court found that "there is no authority to support the aggregation of individual class member's claims in a class action, whether for compensatory damages, punitive damages or other relief, in order to determine the jurisdictional amount under 28 U.S.C. § 1332. To do so would be contrary to the ruling of the Supreme Court in *Zahn."* The *Goldin* court rejected the district court opinion in *Dalkon Shield,* stating that it was 'indirectly overruled' by the Ninth Circuit in *Goldberg v. CPC International, Inc.,* 678 F.2d 1365 (9th Cir.1982). *"Goldberg* rejected the 'common fund' method of circumventing *Zahn.* Although *Goldberg* spoke only in terms of attorney's fees, there is no difference when a defendant tries to apply the same analysis to punitive damages." *Goldin,* at *3. The court in *Goldin* also found support for its decision in *Ortiz v. General Motors Acceptance Corp.,* 583 F.Supp. 526 (N.D.Ill.1984): "There, Judge Bua found that an award of punitive damages in a class action must be divided among all class members and cannot be aggregated into a 'common fund' to satisfy the jurisdictional amount requirement." *Goldin,* at *3.

In this Court's opinion, *Goldin* incorrectly interprets *Zahn, Goldberg,* and *Ortiz* and disregards over 100 years of legal precedent. *See Zahn,* 94 S.Ct. at 508 n. 3. In *Zahn,* the United States Supreme Court held that each class member's *individual* claims must satisfy the jurisdictional

amount. *Zahn* did not overrule the long-standing principle that when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, their claims may be aggregated to meet the jurisdictional amount. *Id.*

*Goldberg* held that attorneys fees could not be aggregated because it would violate *Zahn.* Thus, the court in *Goldberg* viewed attorneys fees as separate and distinct as to each plaintiff and therefore incapable of aggregation. *Goldin* improperly extended the *Goldberg* decision on attorney's fees to claims for punitive damages without analyzing whether the class had a common and undivided interest in punitive damages.

*Goldin* also gives undue emphasis to *Ortiz,* citing a footnote where the court calculates the jurisdictional amount and allocates a share of punitive damages to each plaintiff. It does not appear from a careful reading of the *Ortiz* opinion that any party argued or that the court considered whether the class members' punitive damages claims were common and undivided so that they could be aggregated to meet the jurisdictional amount.

For these reasons, *Goldin* is not persuasive authority. Applying the rulings in *Martin, Berman,* and *Dalkon Shield,* the Court finds that the plaintiffs in the case at bar have a common and undivided interest in their punitive damages claims. Ordinarily under Louisiana law, a punitive damages claim can be asserted individually. *See* La. Civ.Code Ann. art. 2315.3 (West Supp. 1991).[7] Here, the plaintiffs right to punitive damages arises from a single event or act of conduct by the defendant. The defendant's conduct is the same with respect to each plaintiff. The plaintiffs have a collective interest in the creation of a fund sufficient to deter any alleged misconduct. Thus, assuming the certification of a class action, there will be one trial to determine

---

**7.** Louisiana Civil Code article 2315.3 provides:
 In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for

public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this article, the term hazardous or toxic substances shall not include electricity.
La.Civ.Code Ann. art. 2315.3 (West Supp.1991).

punitive damages.[8] No plaintiff will have the right to assert punitive damages individually. The plaintiffs' recovery of punitive damages does not depend on an evaluation of each plaintiff's circumstances. Upon proof that the defendant acted with wanton or reckless disregard for public safety, there will be a punitive damage fund from which all class members who recover compensatory damages will share. Any punitive damage award will be distributed proportionally based on a formula, rather than on any individual factors. The fact that a recovery of punitive damages will be distributed does not affect the integrated nature of the plaintiffs' claims. "The interests of the plaintiffs, *vis a vis* the matter in controversy, are 'common and undivided' and the fact that their interests are separable among themselves is immaterial." *Berman*, at 316. Thus, the Court finds that the plaintiffs' claims for punitive damages may be aggregated in determining the jurisdictional amount.

With the aggregation of punitive damages, the Court finds that it does not appear to a legal certainty that the plaintiffs' claims are less than the jurisdictional amount. The plaintiffs allege that there are over 2,000 claimants in the proposed class. For the aggregation of their punitive damages claims to be less than the jurisdictional amount, each of 2,000 claims would have to be for $25 or less. It does not appear to a legal certainty that each plaintiff's punitive damages claim is for $25 or less, and therefore, the aggregation of those claims is not less than the jurisdictional amount. As there is complete diversity of citizenship and the matter in controversy does not appear to a legal certainty to be less than the jurisdictional amount, this Court has subject matter jurisdiction over these consolidated cases.

Accordingly,

IT IS ORDERED that:

1) The plaintiffs' Motion to Remand to State Court (Civil Action No. 90–4425) is DENIED.

2) The plaintiffs' Motion to Remand (Civil Action No. 91–1837) is DENIED.

3) Defendants, R.V. Pisarczyk and Lawrence Hess, are hereby DISMISSED from the consolidated suits herein.

4) The Motion of Defendants, R.V. Pisarczyk and Lawrence Hess, to Dismiss the claims of the plaintiffs in Civil Action No. 90–4425 is MOOT.

5) The above orders involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from the orders may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Whether punitive damages can be aggregated to meet the jurisdictional amount is the subject of disagreement among the district courts and has never been addressed by a circuit court. The orders involve controlling questions of law in that if Pisarczyk and Hess are proper parties, or if punitive damages cannot be aggregated, this Court is without subject matter jurisdiction, and any final judgment would require reversal. Without doubt, immediate appellate review of the orders may materially advance the ultimate termination of what is expected to be protracted and expensive litigation. Accordingly, an appeal may be taken from the above orders if application is made to the Court of Appeals within ten days of the entry hereof.

---

**8.** Any opt-out plaintiffs would be consolidated with the class under Federal Rule of Civil Procedure Rule 42(a) for trial on punitive damages. *See* Manual for Complex Litigation, Second, § 21.631 at 109 (1985). A single punitive damage trial will avoid the possibility of multiple punitive damage awards for a single course of conduct.