**Veronica DUHON, et al.**

v.

**CONOCO, INC.**

**No. 2:95cv1970.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

July 9, 1996.

Robert J. Caluda, Richard L. Root, Office of Robert J. Caluda & Assoc., New Orleans, LA, for plaintiffs.

John A. Jeansonne, Jr. George A. Veazey, Jeansonne & Remondet, Lafayette, LA, for defendant.

## ORDER

TRIMBLE, District Judge.

For the reasons stated in the report and recommendation of the magistrate judge previously filed herein on May 10, 1996, and after an independent review of the record, a *de novo* determination of the issues, consideration of the objections filed herein, and having determined that the findings are correct under applicable law; it is

**ORDERED** that plaintiffs' motion to remand the class action to the 14th Judicial District Court in Calcasieu Parish, Louisiana be **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion to deny class certification be **GRANTED** because plaintiffs have failed to adhere to Rule 1.12 B of the Uniform Local Rules, which requires that a plaintiff timely file for class certification within 90 days after the filing of the complaint in the class action.

## REPORT AND RECOMMENDATION

Presently before the court is plaintiffs' Motion to Remand. (Doc. 13.) It has been referred to the undersigned magistrate judge for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

On October 28, 1994, an explosion occurred at the Conoco, Inc. facility in Westlake, Louisiana. Plaintiffs originally filed this action in the 14th Judicial District Court in Calcasieu Parish, Louisiana. They seek to represent a class of persons seeking compensation for damages allegedly caused by the explosion and the resulting release of "noxious chemicals." The putative class also seeks punitive

damages under Louisiana Civil Code Article 2315.3.

Defendant removed this putative class action to this court on November 3, 1995, contending that this court has diversity jurisdiction under 28 U.S.C. § 1332. The plaintiffs filed the motion presently before the court contending that requirements for diversity jurisdiction are not met and that this case must be remanded to state court.

■ A prerequisite to removal under 28 U.S.C. § 1441(a) is that this court must have original jurisdiction. Defendant asserts that this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the action is "between citizens of different states" and the amount in controversy exceeds $50,000. Plaintiffs contend that the amount in controversy is less than $50,000. Conoco apparently does not contest the fact that the individual plaintiffs' claims for compensatory and punitive damages do not satisfy the jurisdictional amount. However, it contends that the class claims for punitive damages should be aggregated or considered together to determine if the requisite jurisdictional amount is present. Conoco further contends that when the class's claims for punitive damages are aggregated or treated as belonging to each class member the amount in controversy exceeds $50,000. Thus, the determination of whether the requisite amount in controversy is present turns initially on whether the class claims for punitive damages under Louisiana Civil Code Article 2315.3 should, as a matter of law, be aggregated or otherwise considered in total.[1]

A classic statement of the governing rule relative to aggregation is found in *Zahn v. International Paper Company*, 414 U.S. 291, 293, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973):

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

(*quoting Troy Bank of Troy, Indiana v. G.A. Whitehead & Co.*, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911)). *See also Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

> The rules relating to aggregating multiple claims to satisfy the amount in controversy requirement are in a very unsatisfactory state. The traditional principles in this area have evolved haphazardly and with little reasoning. They serve no apparent policy[2] and their application turns on a mystifying conceptual test.

14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3704 at p. 71 (footnote added). The difficulty in applying the rules governing aggregation of claims is evident in the present case.

This court has previously determined that claims for punitive damages under Article 2315.3 can be aggregated in order to satisfy the jurisdictional amount. *Ford v. Arcadian Corp.*, dkt. no. 92 CV 1713 (W.D.La.1993), *reversed on other grounds*, 32 F.3d 931 (5th Cir.1994). The facts in *Ford* were not materially different from the facts presented in this case. In reaching the conclusion that punitive damage claims should be aggregated this court found the reasoning in *Lailhengue v. Mobil Oil Corp.*, 775 F.Supp. 908, 911 (E.D.La.1991) persuasive. Since the *Ford* decision, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995) has been decided. The conclusion reached in *Ford* must be reassessed in light of the *Allen* decision.[3]

---

**1.** In addressing the issue of whether the jurisdictional amount is satisfied the court will treat this matter as a class action even though no decision on class certification has been made. *Lailhengue v. Mobil Oil Corp.*, 775 F.Supp. 908, 911 (E.D.La. 1991).

**2.** " .... Since the basic purpose of the amount in controversy requirement is to insure that the federal courts adjudicate only controversies that

appear to be substantial, the interpretation given to the jurisdictional statutes in the context of aggregating the claims of several parties seems to be neither necessary nor compelling." *Id.* at p. 86.

**3.** Cases decided since *Allen* which have reached the issue of aggregation of punitive damages under Louisiana Civil Code Article 2315.3 have been divided. *Williams v. Monsanto, Co.*, 1996

The court in *Allen* held "that in Mississippi a joint claim for punitive damages by multiple plaintiffs should be assessed against each plaintiff as a whole in determining the jurisdictional amount." 63 F.3d at 1337. While the decision determines the issue of the propriety of aggregating[4] punitive damages only where such damages are claimed under Mississippi law, its analysis must guide the determination of the issue in the present case.

■ The *Allen* court's analysis began with an examination of the nature of punitive damages under Mississippi law. *Id.* at 1332. First, the court noted that punitive damages under Mississippi law were:

"... fundamentally collective; their purpose is to protect society by punishing and deterring wrongdoing. Their focus is not any one individual plaintiff; instead, the award is tailored to the defendant's wealth and wrongdoing. The benefits of the award are meant to accrue to society.

Because punitive damages in Mississippi are not compensatory, they are individual awards in function only. While separate plaintiffs may seek an award in separate cases, the narrow right to seek such damages exists only because public policy as expressed through state statutes and the common law so dictate. An individual's damages or harm is relevant only to assessing the defendant's wrongdoing." *Id.* at 1333 (citations omitted).

The court in *Allen* also noted that the "plaintiff does not have a claim of right to punitive damages, and 'it is always within the discretion of the jury or trial judge to withhold them.'" 63 F.3d at 1333 (*quoting* W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 2, at 14 (5th ed. 1984)).

Finally, the court in *Allen* found the procedural posture of the claims for punitive damages to be relevant stating:

In class actions or multi-plaintiff suits, the defendant's potential exposure to a large punitive damage award is not affected by the failure of individual claims as long as one plaintiff is successful. Accordingly, in that situation, the defendant has no interest in the distribution of the award, a fact that has long supported the conclusion that the plaintiff's claims of right are common and undivided. 63 F.3d at 1334.

The *Allen* court recognized that under Mississippi law "that while plaintiffs generally share an undivided interest in being awarded punitive damages, that interest is not common in the sense that there is one and only one award that they would split equally." 63 F.3d at 1334. However, the potential for multiple liability does not make the plaintiffs' claims separate. The potential for multiple liability is simply the price of the public goal. "The award is not the plaintiffs' but society's." *Id.* In sum, the *Allen* court concluded: "... because of their [punitive damages'] nature as individual claims under Mississippi law, we hold that under Mississippi law, the amount of such an alleged award is counted against each plaintiff's required jurisdictional amount." 63 F.3d at 1335.

In *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996) the court concluded that class claims for punitive damages under Alabama law should be aggregated for the purpose of determining whether the requisite jurisdictional amount was present. In doing so the court followed the lead of the Fifth Circuit and focused on the nature of punitive damages under Alabama law stating:

As is the case under Mississippi law, the purpose of punitive damages in Alabama is

---

WL 162134 (E.D.La.1996) (unpublished) (punitive damages aggregated); *Harrison v. Union Carbide Corporation*, 1995 WL 731672 (E.D.La. 1995) (unpublished) (punitive damages not aggregated). *See also In re Norplant Contraceptive Products Liability Litigation*, 907 F.Supp. 244 (E.D.Tex.1995) (Texas punitive damages aggregated).

**4.** The court in *Allen* concluded that "no aggregation—meaning the addition of separate claims—

is necessary, as each plaintiff's share of an award is not added up to exceed $50,000—just as one award does not subtract from a future claimant's entitlement. Instead, the claims, while jointly tried, are treated as belonging to each plaintiff for jurisdictional purposes." 63 F.3d at 1334–35. When used herein the term "aggregation" in intended to include the concept that the punitive damage claims are treated as belonging to each plaintiff.

to deter wrongful conduct and punish those responsible. An injured party is not entitled to punitive damages as a matter of right. Rather, the state and not the victim is considered the true party plaintiff because punitive damages do not compensate a victim for loss but serve to punish and deter. Thus, similar to Mississippi punitive damages, Alabama punitive damages are awarded for the public benefit—the collective good. 77 F.3d at 1358 (citations omitted).

The court also found it significant that the punitive damage award in the case before it would be made based on the wrongfulness of the defendant's course of conduct as a whole because the wrong to the individuals was small but the course of conduct involved was large. *Id.* at 1358–59.

This court has examined the nature of punitive damages under Louisiana Civil Code Article 2315.3, and the posture of the present case and can discern no material difference in this case that would justify a result different from that reached in *Allen* and *Tapscott.* As in Alabama and Mississippi, punitive damages under Article 2315.3 are fundamentally collective and are not compensatory. In *Billiot v. B.P. Oil Co.,* 645 So.2d 604 (La.1994) the Louisiana Supreme Court stated:

> Article 2315.3 authorizes the assessment of a civil penalty for the breach of a statutorily prescribed duty that it imposes upon the handlers of toxic and hazardous substances for the protection of the public. The penalty is payable to the victims whose injuries are caused by the defendants' breach of their duties to the public. Nevertheless, the purposes of the duty and the penalty are not to compensate the victim but to protect the public from risks of harm from toxic and hazardous substances by punishing and deterring violators of that duty to the public. Therefor, the statute cannot be construed to impose a duty upon the defendant merely to refrain from outrageous conduct resulting in the injury of an individual.... 63 F.3d at 617.

Under Louisiana law the plaintiff does not have a claim of right to punitive damages. *Khaled v. Windham,* 657 So.2d 672, 681 (La. App. 1 Cir.1995); *Boulmay v. Dubois,* 593 So.2d 769, 775 (La.App. 4th Cir.1992). In this class action the claimed wrong to each individual is small but the overall course of conduct involved is large.[5] Any award of punitive damages would be assessed in order to punish and deter the course of conduct as a whole. Conoco is concerned with the overall size of any punitive damage award, not with the distribution of the award among class members. These are the very same considerations that led the courts in *Allen* and *Tapscott* to conclude that punitive damage claims should be considered together when determining whether the jurisdictional amount is satisfied. They also lead this court to the same conclusion with regard to the claims for punitive damages in this suit.

Plaintiffs suggest that punitive damages under Louisiana Civil Code Article 2315.3 are distinguishable from those recoverable under Mississippi (and Alabama) law because "each plaintiff's claim for exemplary damages is his own claim" and that they are "inherently interwoven with each plaintiff's individual case." Plaintiffs' point out the language in the statute making specific reference to "plaintiff's injuries" and contend that this makes it clear that the statute focuses on the individual plaintiff.

■ However, the focus of punitive damages is not the individual plaintiff. "It is not so much the particular tort committed as the defendant's motives and conduct in committing it which will be important as the basis of the award." *Billiot v. B.P. Oil Co., supra,* at 612. "Punitive damages thus have more to do with the tortfeasor than with the victim." *Id.* It is true that in Louisiana the nature and extent of harm to the plaintiffs is a relevant consideration in the assessment of punitive damages. *See Angeron v. Martin,* 649 So.2d 40, 43 (La.App. 1 Cir.1994). However, this is relevant only to assess the defendant's wrongdoing. *Allen,* 63 F.3d at 1333.

---

**5.** In plaintiffs' Memorandum in Support of Motion to Remand Class Action they describe the claims of the putative class members as "basically fear and fright cases and cases of short term exposure to hydrochloric acid in concentrations that can cause irritation, but only for a limited duration. Said cases will result in compensatory award [sic] of $2,000 to $5,000 at most."

Nor does the statute's reference to "plaintiff's injuries" indicate a focus on the individual plaintiff as opposed to the defendant's wrongdoing. This is simply the means used to designate the "appropriate class of private attorneys general to prosecute claims for punitive awards." *Billiot v. B.P. Oil Co.,* supra, at 616.

Nor does the fact that each plaintiff could bring a separate claim for punitive damages provide a basis for distinguishing Mississippi law on punitive damages from Louisiana Civil Code Article 2315.3. The court in *Allen* specifically recognized that in Mississippi separate plaintiffs could seek an award in separate cases. *Allen,* 63 F.3d at 1333. It was also acknowledged that such individual suits would be functionally separate inasmuch as previous awards of punitive damages would not limit the ability of subsequent plaintiffs to be awarded further punitive damages. *Id.* at n. 11. The same is true in Louisiana.

For the foregoing reasons, this court concludes that the joint claim of the putative class members for punitive damages under Article 2315.3 is assessed against each class member as a whole in determining the jurisdictional amount.

■■■ The next issue is whether Defendant has satisfied its burden of establishing that the joint claim of punitive damages exceeds $50,000. "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000." *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds $50,000." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) (*De Aguilar II*). This burden is satisfied when it is facially apparent that the damages claimed rise to a level above $50,000. *De Aguilar II,* supra; *Williams v. Monsanto, Co.,* supra. Once defendant shows that the amount in controversy exceeds $50,000 removal is proper if plaintiff has not shown that it is legally certain that his recovery will not exceed the jurisdictional amount. *De Aguilar II,* supra, at 1412. Conoco argues that it has satisfied its burden since it is facially apparent that the joint claim of the putative class for punitive damages exceeds $50,000. This court agrees.

■■■ Plaintiffs allege that the putative class includes a large number of claimants. *See Amended Class Action Complaint.*[6] Conoco is a large multi-national corporation. The claim for punitive damages under Article 2315.3 is based on the contention that Conoco's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances caused an explosion and fire on or about October 28, 1994, and a release of large quantities of noxious smoke and fumes which in turn injured the members of the putative class. If this, in fact, proves to be the case it is more likely than not that the putative damage award will exceed $50,000.

Plaintiffs' contend that the joint claim for punitive damages does not more likely than not exceed $50,000. They do not seriously argue that the joint claims for punitive damages would not exceed $50,000 if all of the putative class members had viable claims for punitive damages. However, they argue that most of the class members were not injured by a hazardous or toxic substance and that, therefore, they are not entitled to recover punitive damages as a matter of law. Further, Plaintiffs argue that it is not more likely than not that the joint punitive damage claims of the putative class members who were injured by a hazardous or toxic substance would exceed $50,000.[7]

---

6. Argument of counsel was heard during a telephone conference on May 9, 1996. During argument Plaintiff's counsel estimated that there were approximately 600 members in the class.

7. Plaintiffs' counsel could not even estimate what portion of the putative class, in fact, received physical injury caused by a hazardous or toxic substance. The suit seeks, on behalf of the entire putative class, "compensation for their fear and

The original opinion in *Billiot v. B.P. Oil Co., supra,* concluded that Article 2315.3 allows for punitive damages when the plaintiff's injury is caused by defendant's wanton or reckless conduct in connection with a hazardous or toxic substance even if the injuries are not caused by the hazardous or toxic nature of the substance. 645 So.2d at 617. The court, in its *per curiam* opinion on application for rehearing, reaffirmed that its interpretation of Article 2315.3 was correct, but concluded that it was not necessary to decide whether a victim whose injury was not causally related to the hazardous or toxic substance may obtain a punitive damage award since the plaintiff in *Billiot* was injured by the toxic substance (although not by the toxic nature of the substance). 645 So.2d at 620.

At best it is uncertain that Louisiana law precludes the recovery of punitive damages under Article 2315.3 unless plaintiff is injured by a hazardous or toxic substance. A number of cases indicate that where it is unclear as to whether state law precludes recovery jurisdiction exists. *See* 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3702 at n. 73. Moreover, this court concludes that if the Louisiana Supreme Court were squarely presented with the issue they would conclude, as they did in their original opinion, that punitive damages are available to those whose injuries are caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. Thus, Plaintiffs' argument has no merit.

In summary, this court concludes that: (1) the joint claims for punitive damages of the putative class are considered in the aggregate for purposes of determining if the requisite jurisdictional amount is present, and (2) that it is more likely than not that the joint claims for punitive damages exceed $50,000. Accordingly, it is recommended that the Plaintiffs' motion to remand be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED–TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

concern in not knowing of the nature and severity of the explosion and the nature and toxicity of the chemicals released during the lengthy period following the explosion." *Plaintiffs' Memorandum in Support,* p. 1.